IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T[1]

(Judge George W. Miller)

CENCAST SERVICES, L.P. ET AL,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

AMENDED ANSWER AND COUNTERCLAIM IN NO. 02-1922 T

Defendant, the United States, by its attorneys, in answer to the complaint in Fed. Cl. No. 02-1922 T, and for its counterclaim, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits that the first and second sentences of paragraph 1 of the complaint set forth plaintiff' s characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff. Admits that plaintiff filed claims for refund for the alleged overpayments of FICA and FUTA taxes on April 22, 2002, with respect to all four quarters of 1992, all four quarters of 1993, and all for quarters of 1994 (FICA) and for the calendar years

[1] By order dated January 7,2003, proceedings in these related cases were consolidated. The plaintiff in Fed. Cl. No. 02-1922 T is EP Production Services, L.P.

1992, 1993, and 1994 (FUTA) and admits that copies of those claims are attached to the complaint. Admits that the alleged claims for refund have been disallowed.

2. States that jurisdiction, if it exists, is founded upon 28 U.S.C. § 1491.

3-4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the complaint.

5. Admits that plaintiff's employer identification number is 95-4339414 and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Admits that paragraph 7 of the complaint sets forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff.

8. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Admits the allegations set forth in paragraph 9 of the complaint, except denies that the returns, other than the FICA returns for the first, second, and third quarters of 1992, were timely filed.

10. Admits that the amounts of taxes assessed per the alleged returns were paid.

11. Admits the allegations set forth in paragraph 11 of the complaint, except denies that the returns were timely filed.

12. Admits that the amounts of taxes assessed per the alleged returns were paid.

13. Admits the allegations set forth in paragraph 13 of the complaint, except denies that the alleged assessments include all assessments of additions to tax that have been made with

respect to the alleged assessments of tax.

14. Admits the allegations set forth in paragraph 14 of the complaint.

15. Admits the allegations set forth in paragraph 15 of the complaint, except states that the alleged payment was made on November 14, 2001, and exceeded the amount alleged.

16. Admits the allegations set forth in paragraph 16 of the complaint, except states that the alleged payment was made on February 21, 2002, and exceeded the amount alleged.

17-20. Denies the allegations set forth in paragraphs 17-20 of the complaint.

21. Admits the allegations set forth in paragraph 21 of the complaint, except states that the alleged payment was made on November 14, 2001.

22-28. Admits the allegations set forth in paragraphs 22-28 of the complaint, except states that the alleged payments were made on November 14, 2001.

29. Admits that during 2002 plaintiff filed claims for refund with respect to the alleged FICA liabilities.

30. Admits that the alleged claims for refund have been disallowed.

31. Admits the allegations set forth in paragraph 31 of the complaint, except denies that the alleged assessments include all assessments of additions to tax that have been made with respect to the alleged assessments of tax.

32. Admits the allegations set forth in paragraph 32 of the complaint.

33-35. Admits the allegations set forth in paragraphs 33-35 of the complaint, except states that the alleged payments were made on November 14, 2001.

36. Admits that during 2002 plaintiff filed claims for refund with respect to the alleged FUTA liabilities.

37. Admits that the alleged claims for refund have been disallowed.

COUNT ONE

38. Incorporates by reference its responses to paragraphs 1 through 37 of the complaint as if more fully set forth at length.

39-42. Denies the allegations set forth in paragraphs 39-42 of the complaint.

43. Admits the allegations set forth in the first sentence of paragraph 43 of the complaint and states that the remaining allegations set forth in paragraph 43 are legal argument to which no response is required.

44-45. States that the allegations set forth in paragraphs 44-45 are legal argument to which no response is required.

46. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(I) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 15 and 16 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 46 of the complaint. Denies the allegations set forth in the second sentence of paragraph 46 of the complaint.

47-49. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 47-49 of the complaint.

COUNT TWO

50. Incorporates by reference its responses to paragraphs 1 through 49 of the complaint as if more fully set forth at length.

51-54. Denies the allegations set forth in paragraphs 51-54 of the complaint.

55. Admits the allegations set forth in the first sentence of paragraph 55 of the complaint and states that the remaining allegations set forth in paragraph 55 are legal argument to which no response is required.

56-57. States that the allegations set forth in paragraphs 56-57 are legal argument to which no response is required.

58. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(I) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 17 and 18 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 58 of the complaint. Denies the allegations set forth in the second sentence of paragraph 58 of the complaint.

59-61. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 59-61 of the complaint.

COUNT THREE

62. Incorporates by reference its responses to paragraphs 1 through 61 of the complaint as if more fully set forth at length.

63-66. Denies the allegations set forth in paragraphs 63-66 of the complaint.

67. Admits the allegations set forth in the first sentence of paragraph 67 of the complaint and states that the remaining allegations set forth in paragraph 67 are legal argument to which no response is required.

68-69. States that the allegations set forth in paragraphs 68-69 are legal argument to which no response is required.

70. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(I) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 19 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 70 of the complaint. Denies the allegations set forth in the second sentence of paragraph 70 of the complaint.

71- 73. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 71-73 of the complaint.

COUNT FOUR

74. Incorporates by reference its responses to paragraphs 1 through 73 of the complaint as if more fully set forth at length.

75-78. Denies the allegations set forth in paragraphs 75-78 of the complaint.

79. Admits the allegations set forth in the first sentence of paragraph 79 of the complaint and states that the remaining allegations set forth in paragraph 79 are legal argument to which no response is required.

80-81. States that the allegations set forth in paragraphs 80-81 are legal argument to which no response is required.

82. Admits that plaintiff controlled the payment of wages, within the meaning of § 340l(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in

paragraph 20 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 82 of the complaint. Denies the allegations set forth in the second sentence of paragraph 82 of the complaint.

83-85. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 83-85 of the complaint.

COUNT FIVE

86. Incorporates by reference its responses to paragraphs 1 through 85 of the complaint as if more fully set forth at length.

87-90. Denies the allegations set forth in paragraphs 87-90 of the complaint.

91. Admits the allegations set forth in the first sentence of paragraph 91 of the complaint and states that the remaining allegations set forth in paragraph 91 are legal argument to which no response is required.

92-93. States that the allegations set forth in paragraphs 92-93 are legal argument to which no response is required.

94. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employee identified in paragraph 21 of the complaint, but denies that plaintiff was the common-law employer of that employee in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 94 of the complaint. Denies the allegations set forth in the second sentence of

paragraph 94 of the complaint.

95-97. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 95-97 of the complaint.

COUNT SIX

98. Incorporates by reference its responses to paragraphs 1 through 97 of the complaint as if more fully set forth at length.

99-102. Denies the allegations set forth in paragraphs 99-102 of the complaint.

103. Admits the allegations set forth in the first sentence of paragraph 103 of the complaint and states that the remaining allegations set forth in paragraph 103 are legal argument to which no response is required.

104-105 . States that the allegations set forth in paragraphs 104-105 are legal argument to which no response is required.

106. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(I) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 22 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 106 of the complaint. Denies the allegations set forth in the second sentence of paragraph 106 of the complaint.

107-109. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 107-109 of the complaint.

COUNT SEVEN

110. Incorporates by reference its responses to paragraphs 1 through 109 of the complaint as if more fully set forth at length.

111-114. Denies the allegations set forth in paragraphs 111-114 of the complaint.

115. Admits the allegations set forth in the first sentence of paragraph 115 of the complaint and states that the remaining allegations set forth in paragraph 115 are legal argument to which no response is required.

116-117. States that the allegations set forth in paragraphs 116-117 are legal argument to which no response is required.

118. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(I) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 23 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 118 of the complaint. Denies the allegations set forth in the second sentence of paragraph 118 of the complaint.

119-121. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 119-121 of the complaint.

COUNT EIGHT

122. Incorporates by reference its responses to paragraphs 1 through 121 of the complaint as if more fully set forth at length.

123-126. Denies the allegations set forth in paragraphs 123-126 of the complaint.

127. Admits the allegations set forth in the first sentence of paragraph 127 of the complaint and states that the remaining allegations set forth in paragraph 127 are legal argument to which no response is required.

l28-129. States that the allegations set forth in paragraphs 128-129 are legal argument to which no response is required.

130. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401 (d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 24 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 130 of the complaint. Denies the allegations set forth in the second sentence of paragraph 130 of the complaint.

131-133. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 130-133 of the complaint.

COUNT NINE

134. Incorporates by reference its responses to paragraphs 1 through 133 of the complaint as if more fully set forth at length.

135-138. Denies the allegations set forth in paragraphs 135-138 of the complaint.

139. Admits the allegations set forth in the first sentence of paragraph 139 of the complaint and states that the remaining allegations set forth in paragraph 139 are legal argument to which no response is required.

140-141. States that the allegations set forth in paragraphs 140-141 are legal argument to

which no response is required.

142. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employee identified in paragraph 25 of the complaint, but denies that plaintiff was the common-law employer of that employee in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 142 of the complaint. Denies the allegations set forth in the second sentence of paragraph 142 of the complaint.

143-145. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 143-145 of the complaint.

COUNT TEN

146. Incorporates by reference its responses to paragraphs 1 through 145 of the complaint as if more fully set forth at length.

147-150. Denies the allegations set forth in paragraphs 147-150 of the complaint.

151. Admits the allegations set forth in the first sentence of paragraph 151 of the complaint and states that the remaining allegations set forth in paragraph 151 are legal argument to which no response is required.

152-153. States that the allegations set forth in paragraphs 152-153 are legal argument to which no response is required.

154. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 26 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 154 of the complaint. Denies the allegations set forth in the second sentence of paragraph 154 of the complaint.

155-157. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 155-157 of the complaint.

COUNT ELEVEN

158. Incorporates by reference its responses to paragraphs 1 through 157 of the complaint as if more fully set forth at length.

159-162. Denies the allegations set forth in paragraphs 159-162 of the complaint.

163. Admits the allegations set forth in the first sentence of paragraph 163 of the complaint and states that the remaining allegations set forth in paragraph 163 are legal argument to which no response is required.

164-165. States that the allegations set forth in paragraphs 164-165 are legal argument to which no response is required.

166. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 27 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 166 of the complaint. Denies the allegations set forth in the second sentence of paragraph 166 of the complaint.

167-169. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 167-169 of the complaint.

COUNT TWELVE

170. Incorporates by reference its responses to paragraphs 1 through 169 of the complaint as if more fully set forth at length.

171-174. Denies the allegations set forth in paragraphs 171-174 of the complaint.

175. Admits the allegations set forth in the first sentence of paragraph 175 of the complaint and states that the remaining allegations set forth in paragraph 175 are legal argument to which no response is required.

176-177. States that the allegations set forth in paragraphs 176-177 are legal argument to which no response is required.

178. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 28 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 178 of the complaint. Denies the allegations set forth in the second sentence of paragraph 178 of the complaint.

179-181. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 179-181 of the complaint.

COUNT THIRTEEN

182. Incorporates by reference its responses to paragraphs 1 through 181 of the complaint as if more fully set forth at length.

183-186. Denies the allegations set forth in paragraphs 183-186 of the complaint.

187. Admits the allegations set forth in the first sentence of paragraph 187 of the complaint and states that the remaining allegations set forth in paragraph 187 are legal argument to which no response is required.

188-189. States that the allegations set forth in paragraphs 188-189 are legal argument to which no response is required.

190. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 33 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 190 of the complaint. Denies the allegations set forth in the second sentence of paragraph 190 of the complaint.

191-194. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 191-194 of the complaint.

COUNT FOURTEEN

195. Incorporates by reference its responses to paragraphs 1 through 194 of the complaint as if more fully set forth at length.

196-199. Denies the allegations set forth in paragraphs 196-199 of the complaint.

200. Admits the allegations set forth in the first sentence of paragraph 200 of the complaint and states that the remaining allegations set forth in paragraph 200 are legal argument to which no response is required.

201- 202. States that the allegations set forth in paragraphs 201-202 are legal argument to

which no response is required.

203. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 34 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 203 of the complaint. Denies the allegations set forth in the second sentence of paragraph 203 of the complaint.

204-207. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 204-207 of the complaint.

COUNT FIFTEEN

208. Incorporates by reference its responses to paragraphs 1 through 207 of the complaint as if more fully set forth at length.

209-212. Denies the allegations set forth in paragraphs 209-212 of the complaint.

213. Admits the allegations set forth in the first sentence of paragraph 213 of the complaint and states that the remaining allegations set forth in paragraph 213 are legal argument to which no response is required.

214-215. States that the allegations set forth in paragraphs 214-215 are legal argument to which no response is required.

216. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 35 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 216 of the complaint. Denies the allegations set forth in the second sentence of paragraph 216 of the complaint.

217-220. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 217-220 of the complaint.

FIRST AFFIRMATIVE DEFENSE

221. States that plaintiff is estopped from contending that the statute of limitations barred the IRS from making the assessments described in plaintiff's complaint and referenced above.

SECOND AFFIRMATIVE DEFENSE

222. States that plaintiff ratified the consents executed with respect to the extensions of the statute of limitations for the assessments described in plaintiff's complaint and referenced above, with the result that the assessments were made within the appropriate statute of limitations.

COUNTERCLAIM

223. This counterclaim is brought at the request and authorization of the Chief Counsel

of the Internal Revenue Service (as the delegate of the Secretary of the Treasury) and under the direction of the Chief of the Court of Federal Claims Section (as the delegate of the Attorney General) pursuant to the provisions of § 7401 of the Internal Revenue Code of 1986.

COUNT I

224. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $38,128.57 with respect to the quarter ending March 31, 1992.

225. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 224, above, in the amounts of $52,465.62 in accrued interest, $3,812.86 in failure to deposit penalties, and $7,625.71 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

226. Plaintiff, after application of payments and credits made and applied, and after other adjustments, with respect to the assessments alleged in paragraphs 224 and 225, above, is liable to the defendant for the unpaid balances thereof in the total amount of $79,613.87, plus additions thereto of penalties and interest accruing according to law.

COUNT II

227. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $74,978.08 with respect to the quarter ending June 30, 1992.

228. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 227, above, in the amounts of $99,326.48 in accrued interest, $7,497.81 in failure to deposit penalties, and $14,995.62 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

229. Plaintiff, with respect to the assessments alleged in paragraphs 227 and 228, above,

is liable to the defendant for the unpaid balances thereof in the total amount of $196,797.99, plus additions thereto of penalties and interest accruing according to law.

COUNT III

230. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $246,175.62 with respect to the quarter ending September 30, 1992.

231. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 230, above, in the amounts of $314,262.33 in accrued interest, $24,617.56 in failure to deposit penalties, and $49,235.12 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986. On October 29, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 228, above, in the amount of $11,165.75 in accrued interest and $6,154.39 in failure to pay penalties.

232. Plaintiff with respect to the assessments alleged in paragraphs 230 and 231, above, is liable to the defendant for the unpaid balances thereof in the total amount of $651,610.77, plus additions thereto of penalties and interest accruing according to law.

COUNT IV

233. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $513,331.08 with respect to the quarter ending December 31, 1992.

234. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 233, above, in the amounts of $633,115.11 in accrued interest, $51,333.11 in failure to deposit penalties, and $102,666.22 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

235. Plaintiff, after application of payments and credits made and applied with respect

to the assessments alleged in paragraphs 233 and 234, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,300,445.52, plus additions thereto of penalties and interest accruing according to law.

COUNT V

236. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $1,358.23 with respect to the quarter ending March 31, 1993.

237. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 236, above, in the amounts of $1,619.27 in accrued interest, $135.82 in failure to deposit penalties, and $271.65 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

238. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 236 and 237, above, is liable to the defendant for the unpaid balances thereof in the total amount of $2,115.88, plus additions thereto of penalties and interest accruing according to law.

COUNT VI

239. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $26,635.33 with respect to the quarter ending June 30, 1993.

240. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 239, above, in the amounts of $18,159.88 in accrued interest, $135.82 in failure to deposit penalties, and $271.65 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986. On October 29, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 239, above, in

the amounts of $4,356.75 in accrued interest, $2,527.71 in failure to deposit penalties, $5,055.42 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and $665.89 in failure to pay penalties.

241. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 239 and 240, above, is liable to the defendant for the unpaid balances thereof in the total amount of $55,506.86, plus additions thereto of penalties and interest accruing according to law.

COUNT VII

242. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $253,940.70 with respect to the quarter ending September 30, 1993.

243. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 242, above, in the amounts of $281,679.97 in accrued interest, $25,394.07 in failure to deposit penalties, and $50,788.14 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

244. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 242 and 243, above, is liable to the defendant for the unpaid balances thereof in the total amount of $602,579.05, plus additions thereto of penalties and interest accruing according to law.

COUNT VIII

245. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $576,734.90 with respect to the quarter ending December 31, 1993.

246. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to

the FICA assessment alleged in paragraph 245, above, in the amounts of $616,444.57 in accrued interest, $57,673.49 in failure to deposit penalties, and $115,346.98 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

247. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 245 and 246, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,361,847.60, plus additions thereto of penalties and interest accruing according to law.

COUNT IX

248. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $2,919.21 with respect to the quarter ending March 31, 1994.

249. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 248, above, in the amounts of $3,008.12 in accrued interest, $291.92 in failure to deposit penalties, and $583.84 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

250. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 248 and 249, above, is liable to the defendant for the unpaid balances thereof in the total amount of $6,180.78, plus additions thereto of penalties and interest accruing according to law.

COUNT X

251. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $49,295.32 with respect to the quarter ending June 30, 1994.

252. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to

the FICA assessment alleged in paragraph 251, above, in the amounts of $48,782.38 in accrued interest, $4,929.53 in failure to deposit penalties, and $9,859.06 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

253. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 251 and 252, above, is liable to the defendant for the unpaid balances thereof in the total amount of $106,537.50, plus additions thereto of penalties and interest accruing according to law.

COUNT XI

254. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $289,708.92 with respect to the quarter ending September 30, 1994.

255. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 254, above, in the amounts of $250,712.72 in accrued interest, $28,970.89 in failure to deposit penalties, and $28,970.89 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986. On October 29, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 254, above, in the amounts of $34,236.62 in accrued interest, $28,970.89 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and $7,242.72 in failure to pay penalties.

256. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 254 and 255, above, is liable to the defendant for the unpaid balances thereof in the total amount of $666,011.69, plus additions thereto of penalties and interest accruing according to law.

COUNT XII

257. On July 30,2001, the IRS assessed FICA taxes against plaintiff in the amount of $688,135.33 with respect to the quarter ending December 31, 1994.

258. On July 30, 200l, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 257, above, in the amounts of $616,537.65 in accrued interest, $68,813.53 in failure to deposit penalties, and $137,627.06 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

259. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 257 and 258, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,505,337.85, plus additions thereto of penalties and interest accruing according to law.

COUNT XII

260. On July 30,2001, the IRS assessed FUTA taxes against plaintiff in the amount of $2,582,382.23 with respect to calendar year 1992.

261. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 260, above, in the amounts of $3,185,375.66 in accrued interest, $258,434.39 in failure to deposit penalties, and $516,868.78 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

262. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 260 and 261, above, is liable to the defendant for the unpaid balances thereof in the total amount of $6,524,709.00, plus additions thereto of penalties and interest accruing according to law.

COUNT XIV

263. On July 30, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $2,463,665.92 with respect to calendar year 1993.

264. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 263, above, in the amounts of $2,633,295.68 in accrued interest, $246,366.59 in failure to deposit penalties, and $492,733.18 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

265. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 263 and 264, above, is liable to the defendant for the unpaid balances thereof in the total amount of $5,823,296.02, plus additions thereto of penalties and interest accruing according to law.

COUNT XV

266. On July 30, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $2,986,386.94 with respect to calendar year 1994.

267. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the foregoing FUTA assessment alleged in paragraph 266, above, in the amounts of $2,675,751.98 in accrued interest, $298,638.69 in failure to deposit penalties, and $597,277.39 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

268. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 266 and 267, above, is liable to the defendant for the unpaid balances thereof in the total amount of $6,551,572.26, plus additions thereto of penalties and interest accruing according to law.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice and that judgment be entered against plaintiff and in favor of the defendant upon the defendant's counterclaim, in the total amount of $25,434,162.64, plus penalties and interest thereon according to law, and for such other relief as is just and proper.

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-616-3366
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

s/Mary M. Abate
Of Counsel